**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| LARRY DAWSON, | ) | Case No. 4:19-cv-0637 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Darrell A. Clay |
| | ) | |
| WARDEN BRANDESHAWN HARRIS | ) ) ) | |
| | ) | |
| Respondent. | ) ) | |

**ORDER**

In this habeas action, the Magistrate Judge submitted a Report and Recommendation that the Court dismiss Petitioner Larry Dawson's petition for a writ of habeas corpus and deny him a certificate of appealability. (ECF No. 17.)

In the Report and Recommendation, the Magistrate Judge summarized the factual and procedural history of the case. (ECF No. 17, PageID #1691–99.) In short, Mr. Dawson is a serving a mandatory fifteen-years-to-life sentence in the State of Ohio after a jury convicted him of a one count of felony murder and two counts of child endangerment for the death a fifteen-month-old child in his care. (ECF No. 17, PageID #1692–93.) Petitioner unsuccessfully challenged his conviction on direct appeal. (*Id.*, PageID #1697–99.)

Petitioner asserts four grounds for relief. (*Id.*, PageID #1699.) In ground one, Petitioner challenges using child endangerment as a predicate offense for felony murder. The Magistrate Judge recommends that the Court deny ground one on

procedural grounds because Petitioner did not exhaust his claim in State court. (*Id.*, PageID #1703–06.) Alternatively, the Magistrate recommends dismissal of ground one on the merits because Petitioner's claim is predicated on the application of State law, not federal law. (*Id.*, PageID #1707–08.) With respect to ground two, sufficiency of the evidence, the Magistrate Judge recommends dismissal because the decision of the State courts is not contrary to clearly established federal law governing the validity of pleas. (*Id.*, PageID #1711–12.) Finally, the Magistrate Judge recommends dismissal of ground three (manifest weight of the evidence) and ground four (cumulative error) because both are procedurally defaulted for failure to raise them in State court and, alternatively, rely on State law rather than federal law. (*Id.*, PageID #1712–16.)

The Report and Recommendation stated that any objections were due fourteen days after service and advised Petitioner that failure timely to object may waive the right to appeal the Court's order. (*Id.*, PageID #1717.) The Report and Recommendation was filed on the docket on April 8, 2022 (ECF No. 12) and mailed to Petitioner the same day. Nonetheless, Petitioner has failed to object to the Magistrate Judge's Report and Recommendation.

Under the law of this Circuit, "failure to object to a magistrate judge's Report and Recommendation results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140,

152 (1985) (holding that the Sixth Circuit's waiver rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

Recently, the Sixth Circuit clarified this rule: failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here."). This is so because "[w]aiver is different than forfeiture." *United States v. Olando*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same."). This difference matters because forfeited issues may, in certain circumstances, nevertheless be considered on appeal." *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for filing objections to the Report and Recommendation has passed. Petitioner neither objected, nor provided some legitimate reason why he failed to do so. Further, upon the Court's independent review of the record, there does not appear to be clear error in the Magistrate Judge's Report and Recommendation. Therefore, the Court **ADOPTS** the Report and Recommendation (ECF No. 17) and **DISMISSES** the action **WITH PREJUDICE**. The Court also **DENIES** Petitioner a certificate of appealability because he has not made a

3

substantial showing that he was denied a constitutional right. The Court **DIRECTS** the Clerk to enter judgment accordingly.

    **SO ORDERED**.

Dated: May 23, 2022

                              J. Philip Calabrese
                              United States District Judge
                              Northern District of Ohio